IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TOBIAS TERRELL SEASTRONG, | ) | |
| ID # 13182-078, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-1853-M (BH) |
| | ) | ECF |
| D. BERKEBILE, | ) | Referred to U.S. Magistrate Judge |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**[1]

Petitioner, a prisoner currently incarcerated in the Federal Correctional Institution located in Seagoville, Texas, brings this habeas action pursuant to 28 U.S.C. § 2241. David Berkebile, Warden of FCI Seagoville, is the proper respondent.

The Court received the instant petition filed pursuant to 28 U.S.C. § 2241 on October 17, 2008. Petitioner asserts various challenges related to the calculation of his sentence credit for his federal conviction for possession of a firearm in furtherance of a drug trafficking crime. He contends that he has exhausted available administrative remedies because he has received no timely response at the third step of the formal administrative process.

---

[1] The background information is taken from petitioner's federal petition for writ of habeas corpus.

## II. EXHAUSTION

A. <u>Requirement of Exhaustion</u>

It is well-established that petitioners seeking relief under § 2241 generally must exhaust their administrative remedies prior to presenting their claims in federal court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision). Prisoners who challenge the calculation of their federal sentences should exhaust the remedies provided by the Bureau of Prisons (BOP). *See, e.g.*, *United States v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990); *Sanchez v. Wendt*, No. 3:03-CV-1372-M, 2003 WL 22327877, at *1(N.D. Tex. Oct. 8, 2003) (recommendation of Mag. J.), *accepted by* 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003). Exhaustion under § 2241 requires that the petitioner "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief. *Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing § 2241 filed by a state pre-trial detainee).

"Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its special competence – to make a factual record, to apply its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *accord Willard v. Van Buren*, No. 4:04-CV-287-A, 2004 WL 994069, at *1 (N.D. Tex. Apr. 30, 2004) ("The purpose of the exhaustion requirement is to permit the federal agency being challenged to correct its own error without court intervention."). Inmates who begin the administrative grievance process but voluntarily halt the process prematurely have not properly exhausted

their administrative remedies, and substantial compliance with administrative procedures does not suffice to exhaust administrative remedies. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (civil action under 42 U.S.C. § 1983).

The multi-tiered BOP administrative procedure for inmates who seek formal review of their complaints is set forth in 28 U.S.C. §§ 542.10-542.19. *Mihailovich*, 2007 WL 942091, at *6-7. BOP Program Statement 1330.13, *Administrative Remedy Program*, outlines the procedure and provides federal prisons relevant guidance regarding it. *Aguirre-Castillo v. United States*, No. 1:03-CV-146-C, 2004 WL 594105, at *2 (N.D. Tex. Feb. 26, 2004). Pursuant to this procedure inmates may "seek formal review of an issue which relates to any aspect of [their] confinement." 28 C.F.R. § 542.10. The administrative process involves an informal step which is often commenced with a BP-8 form as well as three formal steps which respectively require the filing of a BP-9, BP-10, or BP-11 form. *Id.* §§ 542.13, 542.14, 542.15, 542.18. The filing of a BP-11 appeal "is the final administrative appeal." *Id.* § 542.15(a). General Counsel typically respond to a filed BP-11 within forty days, but may extend that time by twenty days by informing the inmate of the extension in writing. *Id.* § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.* Upon completing this multiple-tiered review process, federal inmates have exhausted their administrative remedies required for filing a § 2241 petition.

In this case, petitioner attaches the responses he received to his BP-8, BP-9, and BP-10 submissions. He also attaches a written notice from the Administrative Remedy Coordinator Central Office which informed him that (1) his BP-11 was received August 20, 2008; (2) additional time was needed for a response; and (3) the response time was extended to October 19, 2008. The

extension falls within the parameters of 28 C.F.R. § 542.18 because it merely extends the forty-day response time by twenty days as permitted under the regulation.  Petitioner thus filed the instant action before exhausting his administrative remedies.

**B.  Exceptions**

Although prisoners must generally exhaust their administrative remedies prior to filing a § 2241 action, *see Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) (per curiam), exhaustion in the § 2241 context is not a jurisdictional requirement and may be excused in appropriate circumstances, *see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *6 (N.D. Tex. March 28, 2007) (accepting recommendation of Mag. J.).  Non-jurisdictional exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling." *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001).  Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action", petitioners need not exhaust administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citation omitted).  Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted).  If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, such inmate may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion. *See id.*

In this case, petitioner makes no allegation that administrative remedies are either unavailable or wholly inappropriate to the relief sought, or that an attempt to exhaust such remedies would be futile.  He has not shown that this case involves extraordinary circumstances where an

4

exception to exhaustion applies. Although he had received written notification consistent with 28 C.F.R. § 542.18, he disregarded the proper extension of time, and prematurely filed this action. Consequently, the Court should dismiss this action without prejudice due to petitioner's failure to exhaust administrative remedies.

The Court recognizes that the written notice which extends the time to respond to petitioner's BP-11 indicates that a response would be rendered by October 19, 2008, a date that has passed since the filing of this action. Based upon 28 C.F.R. § 542.18, petitioner has exhausted his administrative remedies as of October 19, 2008, whether or not he received a response to his BP-11. That fact, however, does not (1) trump the general rule that § 2241 petitioners must exhaust their administrative remedies prior to filing a habeas action or (2) dispense with petitioner's burden to show circumstances which justify applying an exception to the general rule. To rule otherwise would eviscerate long-standing case law regarding exhaustion in the § 2241 context.[2]

---

[2] Of course, the federal courts have discretion to stay a habeas action so that a petitioner may fully exhaust available remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005); *Rhines v. Weber*, 544 U.S. 269, 278-79 (2005). While these cases implicitly indicate that exhausting available remedies after filing a habeas action may cure an initial lack of exhaustion, *see Mihailovich v. Berkebile*, No. 3:06-CV-1603-N, 2007 WL 942091, at *6 (N.D. Tex. March 28, 2007) (accepting recommendation of Mag. J.), they do not preclude dismissal of this action even if petitioner has subsequently exhausted his administrative remedies. *Rhines* recognizes that a stay is warranted to facilitate exhaustion "only in limited circumstances." *See* 544 U.S. at 277.

In *Mihailovich* this Court implicitly found exceptional circumstances for permitting the case to proceed when the petitioner argued that he had already exhausted his administrative remedies once, had clearly exhausted the remedies during the pendency of the federal habeas writ, was within three months of his projected release date, and raised a challenge to a denial for placement in a halfway house. *See* 2007 WL 942091, at *1, 5-7. In light of petitioner's argument that he was merely giving the prison a second chance to address his placement in a halfway house, the possibility existed that there was no exhaustion issue caused by the completion of the administrative process while the case was pending. In any event, Mihailovich had demonstrated good cause for permitting the habeas action to proceed even though the Court did not specifically address the matter in terms of good cause. Had the Court dismissed the petition without prejudice to its refiling, Mihailovich would have faced a delay which could have rendered his entire petition moot due to his rapidly approaching projected release date. Unlike *Mihailovich*, this case does not fall within the narrow circumstances set forth in *Rhines*.

5

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** the instant petition filed pursuant to 28 U.S.C. § 2241 without prejudice for the failure of petitioner to exhaust administrative remedies.

**SIGNED this 1st day of November, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE